PROB. 12B
(7/93)

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 1 2006

at \_\_\_ o'clock and \_\_\_ min. \_\_\_ M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: PAUL K. AWO            Case Number: CR 03-00113SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
                                      U.S. District Judge

Date of Original Sentence: 8/25/2003

Original Offense:  Possession of a Firearm, To Wit: A Destructive Device, Not Registered to Him, in violation of 26 U.S.C. § 5861(d), a Class C felony

Original Sentence:  Forty-one (41) months imprisonment to be followed by 3 years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 4) That the defendant provide the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release    Date Supervision Commenced: 9/23/2005

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

   *Mandatory Condition:*   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

Prob 12B
(7/93)

2

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | The subject refused to comply with drug testing on 3/27/2006 and 4/10/2006. |
| 2. General Condition | The subject's urine specimens submitted on 4/7/2006 and 4/11/2006 tested positive for amphetamine. |

On 3/1/2006, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. During his processing, the subject was referred to Freedom Recovery Services (FRS), Honolulu, Hawaii, for substance abuse treatment, periodic drug testing, and a mental health assessment. Subsequent to the commencement of supervision, the subject secured gainful employment at Buca Di Beppo Restaurant, Honolulu, Hawaii, and placement in a transitional housing complex in Honolulu, Hawaii.

On 3/7/2006 and 3/14/2006, the subject underwent a mental health assessment at FRS. The subject was not diagnosed with severe mental impairment or bipolar disorders. However, the treating psychologist opined that the subject's past episodes of mental impairment was Amphetamine Induced Psychosis. He recommended substance abuse treatment and drug testing with close monitoring for any signs of relapse and the possible need for an increased level of care. Based on the assessment, the subject was placed in the Federal Drug Aftercare Program (DAP) and random drug testing at FRS.

On 3/27/2006, the subject failed to report for random drug testing at FRS, Honolulu, Hawaii. When questioned about his non-compliance, the subject stated that he called FRS and believed that he was not required to report for testing that day. He subsequently tested negative for illicit substances on 3/28/2006.

On 4/8/2006, the subject submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine on a non-instrumented drug testing device at FRS. The specimen was later forwarded to Scientific Laboratory Testing, Inc. (STL) and confirmed positive for amphetamine/methamphetamine. When confronted about the positive result, the subject admitted to using crystal methamphetamine with "guys at the park." The subject expressed remorse for his conduct and requested further treatment to address his recent relapse. This officer instructed the subject to enroll in the Intensive Outpatient Program (IOP) and undergo mental health counseling at FRS no later than 4/11/2006. The subject apologized for his criminal conduct and agreed to comply.

However, on 4/10/2006, the subject failed to report for random drug testing. When questioned about his non-compliance, the subject admitted that he did not report for drug testing because he used crystal methamphetamine earlier that day. The

Prob 12B
(7/93)

3

subject subsequently submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine on a non-instrumented drug testing device at FRS on 4/11/2006. The specimen was later forwarded to Scientific Laboratory Testing, Inc. (STL) for confirmation.

On 4/11/2006, the subject's substance abuse counselor, Certified Substance Abuse Counselor Stephanie Tsai-Burch, was contacted to discuss the subject's amenability to rehabilitation and his intake interview for IOP and mental health treatment. Ms. Tsai-Burch opined that the subject is amenable to rehabilitation based upon his past participation in the DAP program and willingness to increase his level of care. She also noted that the subject appeared to be "stable and remorseful." Despite his past episodes of amphetamine induced psychosis, Ms. Tsai-Burch recommended further treatment with strict program requirements and close monitoring.

Although the subject has struggled with illicit substance abuse during his initial release into the community, he has agreed to address his addiction by participating in the IOP program and mental health counseling at FRS. In addition, the subject understands that further noncompliance will not be tolerated. Should the subject test positive for illegal drugs or refuse to participate in treatment/testing, the Court will be notified immediately.

In light of U.S. vs. Stephens, it is also recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community. In considering the foregoing steps to address his recent relapse, it is recommended that the Court take no further action against the subject.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 4/19/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[  ]    Other

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

4/26/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

Mandatory Condition:   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

Witness: _____
CARTER A. LEE
U.S. Probation Officer

Signed: _____
PAUL AWO
Supervised Releasee

4/19/06
Date