Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

## SEALED BY ORDER OF THE COURT

### United States District Court

**for the**

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 02 2008

at ___ o'clock and _50_ min. __ P_ M.
SUE BEITIA, CLERK

U.S.A. vs. PAUL K. AWO                          Docket No. CR 03-00113SOM-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of PAUL K. AWO who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 25th day of August 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant provide the Probation Office access to any requested financial information.

**Modification**: On 4/26/2006, the Court modified the offender's general conditions of supervised release as follows:  That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

**Modification**: On 10/4/2006, the Court modified the offender's conditions of supervised release as follows: 5) That the defendant serve up to 6 months of community confinement in a residential reentry center such as Mahoney Hale, at the discretion and direction of the Probation Office.

**Modification**: On 2/21/2007, the offender's attorney filed a Motion to Modify Conditions of Supervised Release, requesting to allow the offender to associate with his girlfriend, Tracy Correa, a convicted felon serving a state probation term.  On 4/11/2007, the Court approved the association, required that the offender remain at his clean and sober residence and noted that association would be terminated should Ms. Correa violate her conditions of her state probation term and be returned to prison.



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. On or about the weekend of 10/19/2007 and on or about 12/2007, the offender associated with persons engaged in criminal activity, in violation of Standard Condition No. 9.

2. On 12/19/2007, the offender failed to participate in mental health treatment, in violation of Special Condition No. 3.

3. On 12/26/2007, the offender refused to comply with drug testing that is part of his substance abuse treatment regimen, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ___12/31/2007___

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DEMELLO, Jr.                        DEREK KIM
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 31st day of December, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **AWO, Paul K.**
       **Criminal No. 03-00113SAOM-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Count 2: Possession of a Firearm, to Wit: a Destructive Device, Not Registered to Him, a Class C felony. On 8/25/2003, he was sentenced to 41 months imprisonment and 3 years of supervised release. Supervised release began on 3/1/2006.

Following his release, the offender began participating in drug treatment and testing, as well as mental health treatment. He was gainfully employed at Buca Di Beppo Restaurant and residing in a transitional housing complex. However, on 4/26/2006, the Court was notified of the offender's non-compliance for failing to comply with drug testing and testing positive for methamphetamine. Based on the violations, the offender was enrolled in the Intensive Outpatient Program (IOP) at Freedom Recover Services (FRS), pending an available bed space at the Salvation Army Adult Rehabilitation Recovery Center (SAARC) residential treatment program. Based on the offender's willingness to address his addiction, his continued participation in mental health treatment, gainful employment and stable home environment, the Court modified the general conditions as stated on the facesheet of the petition and no additional action was taken.

On 10/4/2007, the Court was notified that after participating in residential treatment for approximately 4 months, the offender was dismissed from SAARC for unauthorized possession of a portable DVD player. The Court modified the conditions of supervision to include a term of community confinement at Mahoney Hale and the offender returned to IOP at FRS and mental health treatment. No further action was taken.

On 11/16/2006, the offender was permitted to leave Mahoney Hale and enter a clean and sober residence. In 2/2007, the offender secured employment at Cheeseburger Waikiki as a prep cook. On 10/25/2007, the offender received a clinical discharge from IOP. The offender continued to submit to drug testing without incident.

However, on 10/22/2007, the offender reported that his girlfriend, Tracy Correa, broke up with him, had relapsed on methamphetamine, and had her state probation revoked. The offender was instructed to cease contact with Ms. Correa, continue to attend mental health treatment and random drug testing, and continue to reside in the clean and sober house. The offender then subsequently failed to attend mental health treatment, was given an eviction notice from his clean and sober house after he was found in possession of a methamphetamine pipe, and refused to report for drug testing.

Re:    **AWO, Paul K.**
       **Criminal No. 03-00113SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

On 12/27/2007, in response to his missed drug test, an attempt was made to follow up with the offender via his cellular phone, but it was turned off and would not accept a voice message. Contact was made at Cheeseburger Waikiki, but the offender was not on the schedule. This officer then went to the clean and sober residence, but the offender was not there. A request was made to the offender's roommate and the program manager to have the offender report to this officer on 12/28/2007.

On 12/28/2007, the manager of Cheeseburger Waikiki informed that the offender had failed to report to work and had abruptly left work without permission on or about 12/26/2007. The manager anticipated terminating the offender's employment. Contact with the offender's roommate revealed that he and the program manager spoke to the offender on 12/27/2007 and the offender was told to report to this officer on 12/28/2007. The roommate stated that the offender's girlfriend came to the clean and sober house today and informed that the offender was arrested by Honolulu Police Department (HPD) last night and transported to the Kekela Ward of Queen's Hospital. Contact with HPD receiving desk revealed that the offender had not been arrested and contact with the Queen's Hospital Kekela Ward revealed that the offender had not been admitted. The offender's whereabouts are unknown. The violations are as follows:

**Violation No. 1 - Association With an Individual Engaged in Criminal Activity**: On 10/22/2007, the offender submitted a urine specimen at the U.S. Probation Office as a part of the General Conditions of supervised release. The specimen was tested with a non-instrumented drug testing device and was presumptive positive for methamphetamine. The specimen was forwarded to Kroll Laboratory Specialist, Inc., but no confirmation was obtained as there was an insufficient amount of urine. When questioned about the presumptive positive, the offender informed that on or about the weekend of 10/19/2007, he had "kissed" his girlfriend, Tracy Correa, after she had taken a hit of methamphetamine and blew it into his mouth. The offender ultimately denied using methamphetamine. The offender was verbally admonished for being present while Ms. Correa was using illicit drugs and instructed to have no further contact with her.

On 12/17/2007, the offender reported that he was being evicted from the clean and sober house after the program managers found a methamphetamine pipe in his laundry. The offender reported that he had borrowed a friend's car and wanted to thank her by doing her laundry. The offender claimed that he did not know she had a methamphetamine pipe in her laundry, which fell out in the washing machine. The offender was placed on a behavioral contract by the clean and sober house. However, he failed to comply with the contract when he did not follow curfew and was subsequently given an eviction notice for 1/5/2008.

Re:    AWO, Paul K.
       Criminal No. 03-00113SOM-01
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


        Consequently, the offender is in violation of his supervision for associating with individuals engaged in drug use and or possession of drug paraphernalia.

        **Violation No. 2 - Failed to Participate in Mental Health Treatment:**  On 12/19/2007, the offender failed to attend his scheduled mental health appointment. When questioned, the offender initially stated that he was in the process of moving. However, he eventually admitted that he had not secured a residence yet.  Therefore he is charged with failing to attend mental health treatment.

        **Violation No. 3 - Refused to Comply with Drug Testing as Part of Drug Treatment:**  On 12/26/2007, the offender failed to report for drug testing as part of drug treatment at FRS.  The offender has not been questioned about the missed drug test because his whereabouts are unknown.  Because the offender had previously been oriented to the drug testing procedures and had been complying with these procedures for approximately the last 20 months, he is charged with refusing to comply with drug testing.

        Based on the violations and the offender's unknown whereabouts, it is respectfully recommended that a No Bail warrant be issued for the offender's appearance before the Court to show cause why supervised release should not be revoked.


                                        Respectfully submitted by,



                                        LISA K.T. JICHA
                                        U.S. Probation Officer

Approved by:



GENE DEMELLO, Jr.
Supervising U.S. Probation Officer


LKTJ/tcp

Re:    **AWO, Paul K.**
       **Criminal No. 03-00113SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

AO 245B (Rev. 8/96) Sheet 1 - Judgment    a Criminal Case

# United States District Court

## District of Hawaii

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

AUG 27 2003
at 4 o'clock and 11 min. P M.
WALTER A.Y.H. CHINN, CLERK

UNITED STATES OF AMERICA

v.

**PAUL K. AWO**    '03 AUG 23    10:48

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:    <u>1:03CR00113-001</u>

<u>Michael Weight, AFPD</u>
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count: <u>2 of the Indictment</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 USC 5861(d) and 26 USC 5871 | Possession of a firearm, to wit: a destructive device, not registered to him | 2/15/03 | 2 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]    Count <u>1</u> is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    <u>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</u>

Defendant's Date of Birth:    <u>4/12/68</u>

Defendant's USM No.:    <u>89192-022</u>

Defendant's Residence Address:
**3310 Brokaw Street**
**Honolulu, Hawaii 96815**

Defendant's Mailing Address:
**3310 Brokaw Street**
**Honolulu, Hawaii 96815**

AUGUST 25, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

8/27/03
Date

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii

By_____
Deputy

AC 245B (Rev. 8/96) Sheet 2 - Imprisonr.

CASE NUMBER:          1:03CR00113-001
DEFENDANT:            PAUL K. AWO                                                    Judgment - Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  FORTY ONE (41) MONTHS .

[ ]     The court makes the following recommendations to the Bureau of Prisons:
        1) El Reno; 2) Sheridan; 3) Drug Treatment; 4) Mental Health Treatment; and 5) Alcohol Treatment.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                       UNITED STATES MARSHAL


                                         By   _____
                                                       Deputy U.S.  Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:        1:03CR00113-001
DEFENDANT:          PAUL K. AWO

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _THREE (3) YEARS_ .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]      The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervise    :lease

CASE NUMBER:        1:03CR00113-001
DEFENDANT:          PAUL K. AWO                                              Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant provide the Probation Office access to any requested financial information.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Crimin... Monetary Penalties

| CASE NUMBER: | 1:03CR00113-001 | |
|---|---|---|
| DEFENDANT: | PAUL K. AWO | Judgment - Page 5 of 6 |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]  The interest requirement is waived.

    [ ]  The interest requirement is modified as follows:

# RESTITUTION

[ ]  The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days.  An amended Judgment in a Criminal Case will be entered after such determination.

[ ]  The court modifies or waives interest on restitution as follows:

[ ]  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | TOTALS:    $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Crimin.    .onetary Penalties

CASE NUMBER:      1:03CR00113-001
DEFENDANT:        PAUL K. AWO

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔]  in full immediately; or

B    [ ]   $ _  immediately, balance due (in accordance with C, D, or E); or

C    [ ]   not later than _ ; or

D    [ ]   in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.


Special instructions regarding the payment of criminal monetary penalties:


[ ]   The defendant shall pay the cost of prosecution.


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 1 2006

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

RECEIVED
U.S. PROBATION OFFICE.
HONOLULU. HAWAII

'06 MAY -1 A11 :12

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  PAUL K. AWO              Case Number: CR 03-00113SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  8/25/2003

Original Offense:      Possession of a Firearm, To Wit:  A Destructive Device, Not
                       Registered to Him, in violation of 26 U.S.C. § 5861(d),
                       a Class C felony

Original Sentence:     Forty-one (41) months imprisonment to be followed by 3 years
                       supervised release with the following special conditions:  1) That
                       the defendant participate in a substance abuse program, which
                       may include drug testing at the discretion and direction of the
                       Probation Office; 2) That the defendant is prohibited from
                       possessing any illegal or dangerous weapons; 3) That the
                       defendant participate in a mental health program at the discretion
                       and direction of the Probation Office; and 4) That the defendant
                       provide the Probation Office access to any requested financial
                       information.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  9/23/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

   *Mandatory Condition:*      *That the defendant shall refrain from any unlawful use
                               of a controlled substance.  The defendant shall
                               submit to one drug test within 15 days of the
                               commencement of supervision and at least two drug
                               tests thereafter but no more than 8 valid drug tests
                               per month during the term of supervision.*

Prob 12B
(7/93)

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | The subject refused to comply with drug testing on 3/27/2006 and 4/10/2006. |
| 2. General Condition | The subject's urine specimens submitted on 4/7/2006 and 4/11/2006 tested positive for amphetamine. |

On 3/1/2006, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. During his processing, the subject was referred to Freedom Recovery Services (FRS), Honolulu, Hawaii, for substance abuse treatment, periodic drug testing, and a mental health assessment. Subsequent to the commencement of supervision, the subject secured gainful employment at Buca Di Beppo Restaurant, Honolulu, Hawaii, and placement in a transitional housing complex in Honolulu, Hawaii.

On 3/7/2006 and 3/14/2006, the subject underwent a mental health assessment at FRS. The subject was not diagnosed with severe mental impairment or bipolar disorders. However, the treating psychologist opined that the subject's past episodes of mental impairment was Amphetamine Induced Psychosis. He recommended substance abuse treatment and drug testing with close monitoring for any signs of relapse and the possible need for an increased level of care. Based on the assessment, the subject was placed in the Federal Drug Aftercare Program (DAP) and random drug testing at FRS.

On 3/27/2006, the subject failed to report for random drug testing at FRS, Honolulu, Hawaii. When questioned about his non-compliance, the subject stated that he called FRS and believed that he was not required to report for testing that day. He subsequently tested negative for illicit substances on 3/28/2006.

On 4/8/2006, the subject submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine on a non-instrumented drug testing device at FRS. The specimen was later forwarded to Scientific Laboratory Testing, Inc. (STL) and confirmed positive for amphetamine/methamphetamine. When confronted about the positive result, the subject admitted to using crystal methamphetamine with "guys at the park." The subject expressed remorse for his conduct and requested further treatment to address his recent relapse. This officer instructed the subject to enroll in the Intensive Outpatient Program (IOP) and undergo mental health counseling at FRS no later than 4/11/2006. The subject apologized for his criminal conduct and agreed to comply.

However, on 4/10/2006, the subject failed to report for random drug testing. When questioned about his non-compliance, the subject admitted that he did not report for drug testing because he used crystal methamphetamine earlier that day. The

Prob 12B
(7/93)                                                                                    3

subject subsequently submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine on a non-instrumented drug testing device at FRS on 4/11/2006. The specimen was later forwarded to Scientific Laboratory Testing, Inc. (STL) for confirmation.

On 4/11/2006, the subject's substance abuse counselor, Certified Substance Abuse Counselor Stephanie Tsai-Burch, was contacted to discuss the subject's amenability to rehabilitation and his intake interview for IOP and mental health treatment. Ms. Tsai-Burch opined that the subject is amenable to rehabilitation based upon his past participation in the DAP program and willingness to increase his level of care. She also noted that the subject appeared to be "stable and remorseful." Despite his past episodes of amphetamine induced psychosis, Ms. Tsai-Burch recommended further treatment with strict program requirements and close monitoring.

Although the subject has struggled with illicit substance abuse during his initial release into the community, he has agreed to address his addiction by participating in the IOP program and mental health counseling at FRS. In addition, the subject understands that further noncompliance will not be tolerated. Should the subject test positive for illegal drugs or refuse to participate in treatment/testing, the Court will be notified immediately.

In light of U.S. vs. Stephens, it is also recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community. In considering the foregoing steps to address his recent relapse, it is recommended that the Court take no further action against the subject.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 4/19/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

SUSAN OKI MOLLWAY
U.S. District Judge

4/2-6/08
Date

PROB 49
(5/56)

# United States District Court

### District of Hawaii

#### Waiver of Hearing to Modify Conditions
#### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]     To modify the conditions of supervision as follows:

Mandatory Condition:     *That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

Witness: _____
CARTER A. LEE
U.S. Probation Officer

Signed: _____
PAUL AWO
Supervised Releasee

4/19/06
Date